```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION
```

MICHAEL A. POWELL,              §
(TDCJ No. 1342523)              §
VS.                             §   CIVIL ACTION NO.4:07-CV-587-Y
                                §
                                §
TIM CURRY, et al.               §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
 1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Michael A. Powell's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Powell, a prisoner housed at the Texas Department of Criminal Justice's Allred unit, filed a form civil-rights complaint under 42 U.S.C. § 1983 naming as defendants a state district court judge, the Tarrant County district attorney, assistant district attorneys, police departments, private attorneys, the Tarrant County district clerk, and others. (Compl. Style; § IV(B).) In addition to his form complaint with attachment pages, Powell submitted on February 14, 2008, in response to an order of the Court, a more definite statement in two separate filings, identified as a "more definite statement" and a "plaintiff's written argument." (February 14, 2008, docket entries 11 and 12.) The Court has reviewed these three documents as comprising Powell's pleading of his claims in this case.[1]

---

[1] The two more definite statement filings were in response to Court order. On June 26, 2008, Powell filed a document entitled "Amended Petition" and on July 11, 2008, he filed another document entitled "Second Amended Petition." These documents will not be considered as a part of Powell's pleadings by the Court, as they assert new claims arising out of different incidents that allegedly occurred after the filing of this suit, and that do not relate back to the underlying claims. Furthermore, were the Court to file and consider the substance

Powell alleges that the defendants conspired to deny him due process of law during the investigation and prosecution of him on charges of aggravated sexual assault in the Criminal District Court Number One of Tarrant County, Texas. (Compl. § V and attachment pages 4(A-D); More Definite Statement ¶ 2; Written Argument at 1.) Powell alleges that a "conspiracy was, and is in existence to deprive Michael A. Powell of his civil rights, and to obtain illegal conviction and thwart appeal effort . . .." (Plaintiff's Written Argument at 1.) Powell seeks both a declaratory judgment that his rights were violated and monetary damages ranging from $250,000 to 5 million dollars from each defendant. (Compl. § VI and attachment page 4(E).)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted

---

of these "amended" pleadings, they would eliminate Powell's underlying claims. *See generally Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986)(holding an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)(same).

[2] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint and attachments and more definite statement filings under these standards, the Court concludes that Powell's claims must be dismissed.[7]

Plaintiff is seeking monetary damages and declaratory-type relief from this Court against numerous local officials over actions related to the validity of his conviction in state court. In *Heck v. Humphrey,* 512 U.S. 477, 486 (1994)*,* the Supreme Court held that a § 1983 claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7] Although Powell has filed numerous motions, as his claims are barred by law as explained in the text *infra,* and as none of the pending motions would affect this determination, they are not addressed.

question by a federal court's issuance of a writ of habeas corpus."[8] As in *Heck*, Plaintiff's challenges, if successful, necessarily would imply the invalidity of his incarceration and conviction, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. Plaintiff has failed to establish that he has met one of the prerequisites to a § 1983 action set forth by the Supreme Court. Plaintiff remains in custody and has not shown that his conviction has been invalidated by a state or federal court.[9] As a result, Plaintiff's claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).[10]

Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted until the *Heck v. Humphrey* conditions are met, pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[11]

SIGNED July 14, 2008.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[8]*Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[9]Powell acknowledges that he is incarcerated on the conviction for aggravated sexual assault in cause number 0955468R out of the Criminal District Court Number One of Tarrant County, Texas, and that his convictions were recently affirmed on appeal. (More Definite Statement ¶ 2.)

[10]*See Heck*, 512 U.S. at 487-88.

[11]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

4